## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Floyd Henry Jones

v.

Colston A. Lewis

October 14, 1966

Case No. A-5528

By JUDGE ROBERT LEWIS YOUNG

We have here a case where an attorney purchased his client's real property, the subject matter of his employment, at a trustee's foreclosure sale. Through an unforeseeable circumstance the attorney was able to resell at a substantial profit about six months later. This is a suit for the difference in price on the theory that defendant was a constructive trustee. Issues are raised as to alleged laches, ratification, and the like, but I find it unnecessary to go into them.

What took place here cannot be too strenuously condemned. Byars v. Stone, 186 Va. 518 (1947); Thomas v. Turner's Adm'r., 87 Va. 1 (1890); 5 Am. Jur. 295, Attorneys at Law, Sec. 62; 7 C.J.S. 960, et seq., Attorney and Client, Sec. 126; Annotation 20 A.L.R.2d 1280. I am satisfied, however, it proceeded from a misunderstanding of the law, rather than a conscious attempt to gain an unfair advantage.

In situations of this kind a heavy burden is cast upon the attorney to show complete fairness. If he cannot carry this burden the law will regard him as a constructive trustee. Applicable and governing here

is the following from <u>Bruce's Ex'x</u>. v. <u>Bibb's Ex'x</u>., 129 Va. 45 (1921), per Prentis, J., at pp. 50, 51:

> This rule, however, is not inflexible, . . . While some cases have held that all such transactions are voidable at the election of the client, the better rule and the one established by the preponderance of authority does not go so far. Although such transactions will be closely and carefully scrutinized, yet those which are obviously fair and just will be upheld, and the client is not entitled to absolute relief from such a contract, unless it be shown that he has suffered some injury through an abuse of confidence on the part of his attorney.

See also <u>Littleton</u> v. <u>Kincaid</u>, 179 F.2d 848, 27 A.L.R.2d 572 (4th Cir. 1950); where the Virginia cases are reviewed.

While plaintiff denied it, I find on conflicting evidence that he was fully informed and present at the trustee's sale, also that the sale was fair in every respect and defendant's bid in an amount equal to the fair market value. The legal services rendered the plaintiff by defendant were of the highest order and the fees charged reasonable. Under these circumstances the presumption of fraud is rebutted.

I have this day entered final judgment for the defendant, saving to the plaintiff his exception.